# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re:
GLORIA J. COOK

Debtor.

Case No. 18-22563-rdb
Chapter 13

☒ Check if this is an amended plan
1st Amended Plan (*e.g.*, 1st, 2nd)

## CHAPTER 13 PLAN

### Section 1: NOTICES

Throughout this plan, the singular word "debtor" means both debtors if this is a joint case.

**Creditors: Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one. If you do not have an attorney, you may wish to consult one.
If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. **You must file a timely proof of claim in order to be paid by the Chapter 13 Trustee ("Trustee") under any plan.**

**Debtor: You must check one box on each line to state whether the plan includes any of the following items.**
For any line, if the "Not Included" box is checked, neither box is checked, or both boxes are checked, and a provision of that type is included in the plan, the provision will be ineffective.

| | | |
|---|---|---|
| A limit on the amount of a secured claim, set out in Section 10 or 11, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not Included |
| Non-Standard Provisions (see Section 18) | ☒ Included | ☐ Not Included |

### Section 2: EFFECT OF CONFIRMATION

**Confirmation of the plan will be deemed a finding by the Bankruptcy Court that debtor has complied with all of the applicable sections of 11 U.S.C. §§ 1322 and 1325 and that debtor has fulfilled all pre-confirmation obligations under 11 U.S.C. § 521. Failure to timely object to confirmation of the plan is deemed consent to the plan. Confirmation of a plan is without prejudice to and does not affect the standing and ability of a party to object to a proof of claim, regardless of whether the proof of claim is filed before or after confirmation of the plan. All future statutory references are to the Bankruptcy Code.**

### Section 3: PLAN TERMS

**3.1** Debtor's annualized current monthly income for debtor's state and household size:
  ☒ is below the median and the "Applicable Commitment Period" is 3 years.
  ☐ is above the median and the "Applicable Commitment Period" is 5 years.
**3.2** Plan payments will be $ 449.00 per month.
**3.3** Plan payments include the following projected amount being paid pursuant to the means test calculation from Official Form 122C-1 and -2: $ _____.
**3.4** Plan payments shall be made by:
  ☐ debtor-pay order directed to debtor OR
  ☒ employer-pay order directed to:

| ☒ Debtor 1 Gloria's Employer | ☐ Debtor 2 _____'s Employer |
|---|---|
| Payment order to this employer $ 207.23 bi-weekly | Payment order to this employer $ _____ per _____ |
| Wyandot Inc.<br>Attn: payroll<br>757 Armstrong Ave<br>Kansas City, KS 66101 | [*Name*]<br>[*Attn*]<br>[*Address*]<br>[*City, State ZIP*] |

    **3.5** Additional or varying payments.
        ☒ **None.**

### Section 4: ADMINISTRATIVE FEES

    **4.1** The Trustee will be paid up to 10% on all funds received.

    **4.2** Debtor's attorney fees will be paid through the plan as stated below, subject to modification by the Trustee of the time period over which fees will be paid as necessary to make the plan feasible. Counsel for debtor reserves the right to submit additional fee applications, but payment is subject to Court approval. Debtor consents to such increases in plan payments as may be necessary to pay any approved additional fees. Allowed post-petition attorney fees not paid through the Trustee will not be discharged and shall be paid directly by debtor to attorney post-discharge.

| Fees for the case: | $3,250.00 |
|---|---|
| Case closing fees: | $325.00 |
| Total fees paid to date: | $0.00 |
| **Balance of fees to be paid through the plan:** | $3,250.00 |
| Number of months over which fees shall be paid: | 21.67 |

### Section 5: FILING FEE

    ☒ $0.00 has been paid and $310.00 will be paid by the Trustee.

### Section 6: TAX RETURNS (for the preceding 4 years)

    ☒ have been filed

### Section 7: DOMESTIC SUPPORT OBLIGATIONS

    "Domestic Support Obligation" (DSO) is defined by § 101(14A) and encompasses most child support, maintenance, and alimony obligations.
        ☒ **None.**

### Section 8: PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS

    **8.1 General Provision:** Debtor will pay all allowed non-DSO priority claims under § 507 without post-petition interest. The Trustee will pay the amount set out in the creditor's proof of claim unless the Court sustains an objection to the claim. If a priority claim creditor also claims a secured debt, the secured portion will be treated as a secured claim together with the Trustee's discount rate of interest as of the petition date, except for secured tax claims, which will be paid interest at the applicable non-bankruptcy rate pursuant to § 511.

    **8.2 Amounts Owed:** Debtor estimates that these non-DSO priority creditors are owed the amounts indicated.

| Creditor | Estimated Amount Owed |
|---|---|
| IRS | $4,000.00 |
| KDOR | $1,000.00 |

**8.3 Discharge:** Payment through the Trustee of the principal (and pre-petition interest, if applicable) due on allowed pre-petition priority claims will result in a full and total discharge of all debtor's obligations for those claims to the extent such debts are not otherwise excepted from discharge pursuant to the Bankruptcy Code.

### Section 9: RELIEF FROM STAY REGARDING PROPERTY TO BE SURRENDERED

Upon plan confirmation, any stays under § 362(a) and § 1301(a) shall be terminated as to any surrendered property. This provision does not prevent the earlier termination of the stay by operation of law or by Court order. Nothing contained in this section operates to permit *in personam* relief against debtor or to abrogate debtor's rights and remedies under non-bankruptcy law. The Trustee shall not make distributions to any secured claimant in this class, including any assignees and successors in interest of the claimant.

| Property to be Surrendered | Creditor with Secured Claim |
|---|---|
|  |  |
|  |  |

### Section 10: TREATMENT OF CLAIMS SECURED BY REAL ESTATE

☐ **None.** [*If "None" is checked, the rest of Section 10 need not be completed or reproduced.*]

**10.1 Retention and release.** Any secured creditor whose debt is secured by real property will retain its lien pursuant to § 1325(a)(5) and shall be required to release the lien at the time designated by § 1325(a)(5); provided, however, that entry of the discharge shall not release a lien that secures a claim being treated under § 1322(b)(5).

**10.2 Maintenance of payments and cure of default, if any.** [*Check one*:]

☐ **None.** [*If "None" is checked, the rest of Section 10.2 need not be completed or reproduced.*]

☒ The current contractual installment payments on the secured claims listed below will be maintained, plus any changes required by the applicable contract that are noticed in conformity with applicable rules. These payments will be disbursed either by the Trustee or directly by debtor, as specified below. Any existing arrearage on a listed claim will be paid in full without post-petition interest through disbursements by the Trustee on a pro rata basis. The amounts listed on a filed and allowed proof of claim control over any contrary amounts listed below as to the current installment payment and arrearage. If a mortgage note is in default on debtor's Principal Residence, post-petition payments shall be made through the Trustee in accordance with D. Kan. LBR 3015(b).2, which is incorporated herein. To the extent any provision of this plan conflicts with LBR 3015(b).2, the provisions of LBR 3015(b).2 shall control as to the Principal Residence.

| Creditor Name (and Lien Priority) | Street Address of Real Estate (check box if Principal Residence) | √ | Post-petition Payment | Disbursed by Trustee | Disbursed by Direct | Estimated Arrearage |
|---|---|---|---|---|---|---|
| Wells Fargo Home Mtg | 7710 Haskell Ave KCK | √ | $884.10 | ☐ | ☒ | N/A |
|  |  |  | $ | ☐ | ☐ | $ |

### Section 11: DEBTS SECURED BY PERSONAL PROPERTY

☐ **None.** [*If "None" is checked, the rest of Section 11 need not be completed or reproduced.*]

**11.1 Lien retention and release**

Any secured creditor whose debt is secured by personal property will retain its lien pursuant to § 1325(a)(5) and shall be required to release the lien at the time designated by § 1325(a)(5), including "910 car" loan creditors and "one-year loan" creditors, as defined by the paragraph following § 1325(a)(9).

**11.2 Monthly payments**

"EMA," referenced below, means "estimated monthly amount." **Valuation requires service of the plan in accordance with Federal Rule of Bankruptcy Procedure 7004.** Debtor proposes to pay personal property secured creditors the minimum EMA listed below from the funds available to pay those claims, after the deduction

of Trustee fees. If the Trustee has sufficient funds, the Trustee may pay more than the minimum EMA. If the Trustee has insufficient funds to pay the minimum EMA, the Trustee may adjust the payment so long as the claim will be paid before plan completion. Otherwise, the monthly payments specified below are minimum amounts, and the actual amount may vary, depending on the amount of the allowed claim.

### 11.3 Interest

For each listed claim, the amount of the secured claim will be paid interest at the Trustee's discount rate in effect on the date the petition was filed, except for secured tax claims, which will be paid interest at the applicable non-bankruptcy rate pursuant to § 511. The interest rate specified in the plan is binding and supersedes the terms stated in a proof of claim.

### 11.4 Pre-Confirmation Payments

If debtor proposes to make pre-confirmation payments, the amount stated below will be paid by the Trustee each month as if the plan were confirmed and will continue to be paid upon confirmation. Any pre-confirmation payments paid by the Trustee will be credited against the allowed secured claim as though the plan had been confirmed. **To receive any pre-confirmation payment, a creditor must file a claim that is allowed.**

### 11.5 General Personal Property Secured Claims

Any non-governmental secured claim listed below (other than "910 car" loan creditors and "one-year loan" creditors) will be paid the value of the collateral listed below or the amount of the claim, **whichever is less**, unless otherwise specified in "Non-Standard Provisions" (see Section 18). The value of collateral listed below controls over a contrary amount set out in the proof of claim for a non-governmental secured claim. For secured claims of governmental units, the amount of a secured claim set out in an allowed proof of claim controls over a contrary amount listed below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim.

| Creditor | Collateral | Debt | Value | Minimum EMA |
|---|---|---|---|---|
| | | $ | $ | $ |
| | | $ | $ | $ |

**11.6 910 Car Loan Creditors:** Each "910 car loan" creditor listed below will be paid the amount of the debt owed, unless the creditor agrees to be paid less than the full amount.

| Creditor | Collateral | Debt | Minimum EMA |
|---|---|---|---|
| Prestige Financial Services | 2013 Hyundai Santa Fe Sport | $16,662.00 | $268.00 |
| | | $ | $ |

### Section 12: STUDENT LOAN OBLIGATIONS

Student loan debt will survive the bankruptcy and is excepted from discharge unless debtor files an adversary proceeding to determine the dischargeability of that debt and prevails on the merits.

### Section 13: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Debtor assumes the executory contracts and unexpired leases listed below and will pay directly to the respective creditor any pre-petition arrearage and post-petition payments. All other executory contracts and unexpired leases are rejected.

| Creditor | Description of Contract or Lease |
|---|---|
| | |
| | |

### Section 14: GENERAL UNSECURED CREDITORS

General unsecured claims will be paid after all secured claims and all other unsecured claims, including administrative, priority, and separate class claims, in an amount not less than the amount those creditors would receive if the estate of debtor were liquidated under chapter 7.

| Section 15: | **BEST INTEREST OF CREDITORS TEST** |

Debtor represents that the property listed below would have the specified liquidation value if it were administered in a chapter 7 case. [*List property and explain how the computation of the liquidation value was made, or attach a separate document explaining computation*.]

    **a. Total liquidation value:** $_____
    **b. Explanation of calculation:**

| Section 16: | **VESTING** |

All property of the estate will vest in debtor
    ☒ at discharge or dismissal of the case.

| Section 17: | **SEPARATE CLASS CREDITORS** |

    ☒ **None.**

| Section 18: | **NON-STANDARD PROVISIONS** |

Any Non-Standard Provision placed elsewhere in the plan is void. To the extent a Non-Standard Provision conflicts with any other plan provision, the Non-Standard Provision controls.
    ☐ **This plan has no Non-Standard Provisions.**
    ☒ **This plan has Non-Standard Provisions** the IRS and KDOR tax claims will continue to be paid directly by debtor and co-debtor.

Debtor signatures (optional if plan signed by counsel)

*s/* Gloria J. Cook                  *s/*_____
Gloria J. Cook                            Debtor 2

Dated: 2/1/2019                    Dated: _____

Respectfully submitted:

*s/* David A. Reed
David A. Reed
14581
DAVID A. REED & ASSOCIATES P.A.
7823 Parallel Parkway
Kansas City, KS 66112
913-342-7200
913-342-1001
dreed@reedlaw35.com
Attorney for Debtor

By filing this document, debtor, if not represented by an attorney, or the attorney for debtor, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the District of Kansas Local Form plan, other than any provision included in Section 18, "Non-Standard Provisions."

rev. 11.16.2017